## No. 63.

### JOHN DEWAR *v.* J. B. BEIRNE & CO.

1. Where a party is employed in a particular capacity, the fact that he occasionally renders services of a higher order, or different character, does not change the prescription applicable.
2. Where a laborer is employed by the day or week, the amounts due him for several of such periods, do not, ordinarily, merge into a single obligation, but are distinct and different obligations, each separately prescriptible in one year.
3. Therefore, even if the prescription of such claims can be at all interrupted by partial payments, the payment of what is due, for a particular number of days or weeks, does not interrupt prescription as to that which is due for others.
4. Where such payments are made, and are not imputed by the parties to the indebtedness for any particular period, they will be imputed to the extinguishment of those which are oldest. C. C. 2166.
5. The entries or memoranda made by defendants, or their employees, upon their pay rolls, do not constitute an acknowledgment such as interrupts prescription, under C. C. 3535.
6. Where the appellant profits by his appeal, he is entitled to the costs thereof. C. P. 908.
7. This Court, granting a rehearing, will not set the cause down again for trial, where the error to be corrected lies merely in the distribution of costs, or is otherwise immaterial.

*Appeal from Fifth District Court. Rogers, Judge.*

*Richard DeGray* for plaintiff.

*W. S. Benedict* and *F. W. Baker* for defendants, appellants.

Chas. A. Conrad, Esq., judge *ad hoc*, vice Rogers, judge, who decided this case in the first instance, recused, delivered the opinion and decree in this case.

CONRAD, Judge *ad hoc.*—Plaintiff sues W. J. Beirne, J. W. Demarest and James A. Vigneaud, alleged to be partners, constituting the firm of W. J. Beirne & Co., and the firm itself, claiming $704 80, balance due for wages as "*day watchman or utility man,*" from September 1st, 1876, to October 16, 1878, 664 days,

at the rate of $1 50 per day, and from W. J. Beirne, *individually*, the further sum of $25, collected for plaintiff's account.

Defendants answer separately, each by general denial, and by special denial, that he was a member of, or connected with, any such firm.

Upon trial before this Court, the indebtedness of W. J. Beirne, for the $25, alleged to have been collected by him, was admitted, leaving for our decision only the question of the respective liabilities of defendants for the amount claimed as compensation for plaintiff's services or wages.

The testimony of Landry, J. P. Dewar and of Demarest, we think, establishes satisfactorily the facts of the employment of plaintiff in the capacity alleged, that he was promised payment at the rate of $1 50 per day, *at least* from September 1st, 1876, to July 1st, 1878, and at the rate of $1 per day thereafter, until October 16, 1878 ; and there is no claim that he has been paid more than the sum for which he gives credit.

The petition, the annexed account, and the testimony introduced, show the character of the duties which plaintiff was employed to perform ; and the character of this employment, and the contact into which he entered, cannot be changed by showing that he was, on occasions, requested, or volunteered to render services of a higher order, or which usually receive higher compensation.

We think the character of his employment clearly such as are embraced in Arts. 3534 and 3535 Civil Code.

Whether the prescription of claims of workmen, laborers or servants, for their wages, can be interrupted by payments on account, we are not in this case called upon to determine. It is sufficient to say that the payments made to plaintiff in this case did not operate such an interruption. Plaintiff was employed for service by the day, and the amount due to him was not *one* obligation, but an accumulation or aggregation of obligations maturing from day to day, as each day's service was rendered, and the indebtedness for the service of each day constituted a separate and distinct obligation, prescribable when

one year from the date upon which it had been earned had elapsed. The payment, therefore, of any number of such obligations, could not have the effect of interruption of the prescription of others which preceded or followed.

The payments credited upon plaintiffs' account, therefore, not having been imputed by defendants to any obligations specially, should be imputed to those which, at the dates upon which they were made, had been longest due. Civil Code, Art. 2166. And the plea of prescription is maintained against so much of the indebtedness for wages as accrued more than one year prior to service of citation. This prescription was not prevented, interrupted or suspended by the weekly entry of plaintiff's name, and the amount due to him for the week's service upon defendants' pay roll. Pay rolls are neither in form nor intention evidences of indebtedness from debtor to creditor. They are mere memoranda from one person to another, to guide the latter in the payment of employees, and not accounts of any character, certainly not "accounts acknowledged," provided for in C. C. Art. 3535.

The testimony introduced shows that J. W. Demarest was only associated with Beirne in the cooperage business after June 3d, 1878, before which time plaintiff's employment had been changed to the saw-mill, with which Demarest was at no time connected.

The connection between Vigneaud and Beirne, whatever it may have been, finally terminated in February, 1878, more than one year prior to the service of citation upon him.

If, therefore, plaintiff at any time had any claim against Vigneaud, that is also prescribed.

Judgment for plaintiff, and against defendant, W. J. Beirne, for the amount due for wages from March 1st, 1878, to June 30th, 1878, at the rate of $1 50 per day, and from July 1st, 1878, to October 16th, 1878, at the rate of $1 per day, and for the further sum of $25, admitted by said J. W. Beirne to have been received by him for plaintiff's account, with legal interest

upon said amounts from judicial demand, until payment and all costs of this suit.

Suit dismissed as to Jas. A. Vigneaud and J. W. Demarest.

### ON REHEARING.

McGLOIN, J.—Defendants, upon application for rehearing, call to our attention the fact that the judgment of this tribunal is more favorable to them than that appealed from. They claim that, having succeeded in modifying the decree to their advantage, they are entitled to costs of appeal. C. P. Art. 908.

We find, upon a re-examination, that this position is well taken. The error should be corrected. As, however, there is no other complaint advanced, and as the matter involves merely a question of calculation, we see no reason for placing the cause, when reopened, upon the docket, thereby delaying, without advantage, the termination and finality of the litigation.

A rehearing upon said question is, therefore, granted; and proceeding to adjudge the matter as should have been originally done, it is ordered that there be now judgment in all respects like that first given, except that plaintiff and appellee pay the costs of appeal.